# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYDIN MICHAEL HERNANDEZ, <br><br>Plaintiff, <br><br>v. <br><br>COMMISSIONER OF SOCIAL SECURITY, <br><br>Defendant. | Case No. 1:19-cv-01533-SAB <br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM <br><br>(ECF No. 4) |

On October 28, 2019, a complaint was filed on behalf of Plaintiff Jaydin Michael Hernandez challenging the denial of Social Security benefits. (ECF No. 1.) According to the application to proceed *in forma pauperis* signed by Teresa Hernandez, Jaydin Hernandez is eleven years old, however, no documents were filed demonstrating that Plaintiff is represented by a guardian ad litem. (ECF No. 2.) On October 30, 2019, the Court ordered Plaintiff's counsel to either file evidence that a representative has been appointed under state law or a motion for appointment of a guardian ad litem that meets the requirements of Local Rule 202. (ECF No. 3.)

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or

1  Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The
2  appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is
3  authorized to act on behalf of his ward and may make all appropriate decisions in the course of
4  specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he
5  must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."
6  AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the
7  guardian ad litem cannot face an impermissible conflict of interest with the ward and courts
8  consider the candidate's "experience, objectivity, and expertise" or previous relationship with the
9  ward. Id. (citations omitted).

10  "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests
11  of each are the same, no need exists for someone other than the parent to represent the child's
12  interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub
13  nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed
14  as a guardian ad litem, there are situations where the best interests of the minor and the interests
15  of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007
16  WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of
17  right to act as guardian ad litem for the child. Id., at *2.

18  Plaintiff has submitted a petition for the appointment of Plaintiff's parent, Teresa
19  Velasquez Hernandez, as guardian ad litem for Plaintiff Jaydin Michael Hernandez. (ECF No.
20  4.) The Court has considered the petition to appoint Teresa Velasquez Hernandez as guardian ad
21  litem, as well as the supporting declaration of Teresa Hernandez in support of the petition, and
22  finds no conflict that would preclude her from serving as a guardian ad litem for Plaintiff Jaydin
23  Michael Hernandez.
24  ///
25  ///
26  ///
27  ///
28  ///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for appointment of guardian ad litem (ECF No. 4) is GRANTED; and

2. Teresa Velasquez Hernandez is appointed as guardian ad litem for Plaintiff Jaydin Michael Hernandez.

IT IS SO ORDERED.

Dated: **November 5, 2019**

_____
UNITED STATES MAGISTRATE JUDGE